## Fenerty v. Lawrence, Secretary of Commonwealth

*Caldwell, Fox & Stoner*, for petitioner.

*Adrian Bonnelly*, Deputy Attorney General, and *Charles J. Margiotti*, Attorney General, for Commonwealth.

Hargest, P. J., September 28, 1936. — Clare Gerald Fenerty asks for a mandamus against the Secretary of

the Commonwealth. The facts are not disputed: On July 22, 1936, five qualified electors of the Third Congressional District of the Commonwealth of Pennsylvania filed a preemption affidavit in the office of the Prothonotary of Dauphin County, setting forth that they adopted the appellation Royal Oak Party for the election to be held November 3, 1936. They secured on the same date a certificate from the prothonotary showing the filing of such preemption affidavit. On September 4, 1936, nomination petitions purporting to nominate Clare Gerald Fenerty as candidate of the Royal Oak Party for the office of representative for the Third Congressional District were presented to the Secretary of the Commonwealth, together with the certificate from the prothonotary. On September 9, 1936, these papers were returned, on the ground that nomination papers purporting to nominate Michael J. Bradley as a candidate for said Royal Oak Party for the same office were filed at 2:05 p.m. (e. s. t.), September 4, 1936, together with a certificate from the prothonotary showing that a preëmption affidavit was filed on that same day, September 4, 1936, and that the nominating papers purporting to nominate Fenerty were not filed until 4 p.m., Friday, September 4, 1936, with the certificate of the prothonotary of the preëmption affidavit, filed July 22, 1936. No objections to the nomination papers purporting to nominate Bradley have been filed.

In the opinions filed September 26, 1936, in In re Ostroff et al., 27 D. & C. 689, and Blumberg et al. v. Lawrence, Secy., 27 D. & C. 654, we have decided that the preemption affidavit regularly filed first in point of time secures the right to the exclusive use of the name for the purpose of making the nomination until the time for making such nomination has expired.

It, therefore, follows that the nomination papers, being regular in their form, purporting to nominate Clare Gerald Fenerty, should have been received by the Secretary of the Commonwealth. It also follows that, those who nominated Fenerty having secured the exclusive right to

the name, those who purported to nominate Bradley could not do so, and that the Bradley nomination is invalid.

The Secretary of the Commonwealth, however, contends that because there have been no objections to the nomination papers of Bradley he could not receive the nomination papers of Fenerty, and that a mandamus will not lie until objections have been filed and decided.

This case involves the legal duty of the Secretary of the Commonwealth. His duty was to receive the nomination papers if not defective upon their face. He could not become the objector to them nor pass upon their validity involving any other questions than that which would arise from an inspection of the papers themselves. He cannot become a protagonist for the persons who may happen to file nominating papers claiming an exclusive right to the use of a party name without having that right.

The petitioner has averred that he has no adequate remedy at law. The Secretary of the Commonwealth asserts that the filing of objections is an adequate remedy at law. With that we cannot agree. The adequate remedy is to test the right to file the papers, not the validity of other papers, which, however, may be involved. Moreover, to delay the filing of one set of papers until the validity of those previously filed is determined, might result in the statutory period having expired. We are of opinion that the right to have these papers filed as of the date when they were presented is clear, and therefore, a mandamus must issue.

And now September 28, 1936, a peremptory mandamus is hereby issued directing the Secretary of the Commonwealth to file, as of September 4, 1936, the nomination papers nominating Clare Gerald Fenerty as a candidate of the Royal Oak Party for the office of Representative in Congress from the Third Congressional District of Pennsylvania, and to certify said nomination for printing upon the ballot.